**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**COLIN DEBUSE, individually and**
**on behalf of all others similarly situated,**

**Plaintiffs,**

**v.** **Civil Action No. ______________**

**ALPINE POWER SYSTEMS, INC.,** **FLSA Opt-In Collective Action**

**Defendant.** **Jury Trial Demanded**

---

**COLLECTIVE ACTION COMPLAINT UNDER THE FLSA**

---

COMES NOW the Plaintiff, Colin DeBuse, individually and on behalf of all others similarly situated, and brings this Complaint against Defendant, Alpine Power Systems, Inc., and would show as follows:

**NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerlch & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. §207(a)).

2. Defendant has engaged several technicians, including Plaintiff, to remove batteries from cell phone towers owned and operated by AT&T. Although Defendant required these

technicians to wear an ID badge, hats and shirts that identified them as employees of Defendant, and required the technicians to perform their duties according to Defendant's standards and training, Defendant disclaimed any legal relationship with these technicians and instead willfully and intentionally misclassified them as "independent contractors". However, the economic reality of the relationship shows that these technicians, including Plaintiff, are "employees" of Defendant under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 *et seq*.

3. Defendant violated the FLSA in that it failed to pay Plaintiff for all hours he worked by not compensating him at the rate of time and one-half his regular rate of pay for all the hours worked over 40 hours in one workweek. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

**PARTIES, JURISDICTION, AND VENUE**

4. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. This Court has personal jurisdiction over Plaintiff how is a citizen and resident of the State of Tennessee.

6. This Court has personal jurisdiction over Defendant in that it is a Michigan corporation who is authorized to do business in the State of Tennessee. Defendant conducts business in this district at 5595 Victory Lane, Millington, Tennessee 38053.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district and Alpine is subject to personal jurisdiction in this district.

8. Plaintiff is a former employee of Defendant and is a covered employee under the FLSA. Plaintiff consents to be a party in this action and his consent form is attached as Exhibit A.

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l) of the FLSA, 29 U.S.C. § 203(s)(l), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business one of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. In addition to Plaintiff, Defendant employs and has employed within the last three years additional similarly situated employees ("Class Members") who are also covered employees under the FLSA.

13. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

14. Plaintiff brings this claim individually and as part of a collective action under the FLSA. The collective action claims are for unpaid wages, including overtime wages, liquidated damages, post-judgment interest, attorneys' fees and cost pursuant to the FLSA, 29 U.S.C. §§207 and 216(b).

**FACTUAL ALLEGATIONS**

15. Defendant services the wireless telecommunications industries and provides full site and equipment maintenance to its customers. As part of its business, Defendant provided GSM battery removal services at cell towers owned and operated by AT&T.

16. Plaintiff worked as a Telecom Technician for Defendant from October 2017 until June 2018. In his position, Plaintiff would remove GSM batteries from AT&T cell towers in several different regions of the United States. Plaintiff would travel from his home in Bartlett, Tennessee to a regional location for weeks at a time and remove batteries from numerous towers in the region. Plaintiff also performed other set up and warehousing duties and trained other technicians on behalf of Defendant.

17. Defendant paid Plaintiff a daily rate of $375 during his training and $400 per day for each day of work thereafter. Defendant also paid Plaintiff for his mileage.

18. Plaintiff had no prior training or experience in cell tower battery removal, and Defendant provided all necessary training for Plaintiff to perform his job as a Telecom Technician. Plaintiff later provided similar training to other technicians of Defendant.

19. Defendant represented to the public that Plaintiff was its employee by providing him with an ID badge, shirts, and hats that all identified him as an employee of Defendant. Plaintiff did not market himself nor did he hold himself out to the public to be in business for himself.

20. Defendant provided all necessary tools required for Plaintiff to perform his job other than ordinary small hand tools found in any home.

21. Defendant directed the work that Plaintiff performed. Defendant required Plaintiff to log onto a Dropbox account provided by Defendant to retrieve the cell tower locations Plaintiff was to service each day. Plaintiff would then service each cell tower location as directed by Defendant. At the end of each day, Defendant required Plaintiff to submit a daily report of the

work performed and required Plaintiff to use forms provided by Defendant to submit any expenses and invoices.

22. Defendant paid for Plaintiff's expenses such as gas, toll charges, truck rental, and if Plaintiff needed assistance in performing his job, Defendant would arrange and pay for a temporary worker to assist Plaintiff. Defendant also provided Plaintiff with a credit card with his and Defendant's names on it.

23. Plaintiff had an exclusive relationship with Defendant as his work gave him no opportunity to provide any services to other companies. The nature of Plaintiff's job prevented him from working for others. Plaintiff would spend several hours a day driving to and from cell towers and then spend additional hours servicing those cell towers.

24. Although Defendant controlled nearly every aspect of Plaintiff's work, Defendant considered Plaintiff to be an "independent contractor" and not an employee of Defendant.

25. Defendant's misclassification of Plaintiff as an independent contractor was designed to exercise the right of control over Plaintiff's and other Class Members work while avoiding the responsibility of complying with the FLSA and other laws and benefits such as providing workers' compensation, Social Security, and unemployment insurance.

26. Plaintiff routinely worked more than 40 hours per week for Defendant. In fact, Plaintiff often spent as much as 60 to 70 hours per week performing work for Defendant.

27. Plaintiff was not paid the overtime premium required by the FLSA for work performed over 40 hours in a workweek.

28. Defendants knowingly, willfully or with reckless disregard of the FLSA carried out their policy and practice of misclassifying Plaintiff as an independent contractor and failing to pay him and the Class Members overtime compensation. Defendant was aware of how many hours

Plaintiff and its Class Members were working but failed to compensate them in accordance with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates Paragraphs 1-28 as if fully set forth herein.

30. Class Members are similarly situated to Plaintiff in that they worked as Telecom Technicians removing GSM batteries from AT&T cell towers in several different regions of the United States for Defendant, were misclassified as independent contractors by Defendant, provided all necessary training by Defendant to perform their job, provided with ID badges, shirts, and hats by Defendant that identified them him as employees of Defendant, did not market themselves nor hold themselves out to the general public to be in business for themselves, provided all necessary tools by Defendant required to perform their job other than ordinary small hand tools found in any home, had their work directed by Defendant, had many of their expenses paid for by Defendant, had an exclusive relationship with Defendant, and often worked more than 40 hours per week without receiving overtime compensation.

31. Plaintiff and Class Members were subjected to the same pay practices and violations in that they were misclassified as independent contractors and not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek. Plaintiff and Class Members were in fact employees as defined by the FLSA.

32. Defendant's failure to compensate employees for all hours worked and hours worked in excess of forty (40) in a workweek as required by the FLSA results from a policy or practice of paying only a daily rate for all hours worked. This policy or practice was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal

circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime that applied to Plaintiff applied to all Class Members.

33. Defendant was aware of its obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

34. Plaintiff is representative of those Class Members and is acting on behalf of the other employees' interests as well as his own interest in bringing this action. Those similarly situated employees are known to Defendant, are readily identifiable, and may be located through use of Defendant's records.

## CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

35. Plaintiff re-alleges and incorporates Paragraphs 1-34 as if fully set forth herein.

36. During the relevant period, Defendant has violated and is violating the provisions of Section 7 of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

37. As a result of Defendant's violation of the FLSA, Plaintiff and Class Members suffered a loss of wages.

38. Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and Class Members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other

conditions and practice of employment in violation of the FLSA, 29 U.S.C. §211 and 29 C.F.R. §516.2 *et seq.*

39. As evidenced by the fact that Defendant tried to circumvent the legal relationship it maintained with Plaintiff and the Class Members, Defendant willfully violated the FLSA.

40. Defendant's intentional failure to pay overtime wages to which Plaintiff and the Class Members are entitled is a willful violation of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all technicians who were employed by Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid the proper overtime compensation for their hours worked in any week during the statutory period;

2. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

3. Judgment against Defendant that it has violated the FLSA as to Plaintiff and those similarly situated persons who opt-in to this action;

4. Judgment against Defendant that its violations of the FLSA were willful;

5. An award to Plaintiff and other opt-in parties of damages for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rates;

6. An award to Plaintiff and other opt-in parties in an equal amount to the overtime damages as liquidated damages;

7. An award to Plaintiff and other opt-in parties of post-judgment interest;

8. All recoverable costs, expenses, and attorneys' fees incurred in prosecuting these claims;

9. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

EVANS | PETREE, PC

s/Michael R. Marshall
Michael R. Marshall (BPR# 015225)
mmarshall@evanspetree.com

s/Charles W. Cavagnaro, Jr.
Charles W. Cavagnaro, Jr. (BPR# 17917)
ccavagnaro@evanspetree.com
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
Phone: (901) 525-6781
*Attorneys for Plaintiff*

4813-5289-4576, v. 1